Filed 7/29/13  Qualified Patients Assn. v. City of Anaheim CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| QUALIFIED PATIENTS ASSOCIATION et al., | |
| Plaintiffs and Appellants, | G046875 |
| v. | (Super. Ct. No. 07CC09524) |
| CITY OF ANAHEIM, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, David R. Chaffee, Judge.  Affirmed.

Anthony Curiale for Plaintiffs and Appellants.

Cristina L. Talley, City Attorney, and Moses W. Johnson IV, Assistant City Attorney, for Defendant and Respondent.

\*          \*          \*

Qualified Patients Association, a former medical marijuana dispensary, and its owner and operator, Lance Mowdy, (collectively, Qualified Patients) appeal from the trial court's order denying them attorney fees as private attorneys general under Code of Civil Procedure section 1021.5. (All further undesignated statutory references are to this code.) Because they were not successful in their underlying declaratory judgment action to prevent the City of Anaheim (the city) from closing their medical marijuana dispensary, the trial court did not abuse its discretion in denying Qualified Patients' attorney fee request. We therefore affirm the ruling.

I

FACTUAL AND PROCEDURAL BACKGROUND

The relevant background needs little discussion. Seeking a declaratory judgment, Qualified Patients challenged the city's ordinance barring ownership or operation of a medical marijuana dispensary. The trial court sustained the city's demurrer, concluding Qualified Patients' claim in its first cause of action that state medical marijuana law preempted the city's ordinance was itself preempted by federal law. We reversed the demurrer, explaining that federal law did not preempt state law because under basic federalism principles, federal authorities could not compel *state* criminalization of *any* activity. (*Qualified Patients Assn. v. City of Anaheim* (2010) 187 Cal.App.4th 734, 756-765 (*Qualified Patients I*).) We affirmed the trial court's ruling rejecting plaintiffs' second cause of action asserting the ordinance violated their civil rights under the Unruh Civil Rights Act (Civ. Code, § 51), and we remanded for further proceedings.

On remand, the matter proceeded to trial and Mowdy testified, claiming to be cultivating and distributing marijuana as part of nonprofit collective, lawful under

2

state law.  The trial court, however, found Qualified Patients was unlawfully distributing marijuana for profit to hundreds of patients in a "mass distribution" scheme.  The trial court concluded the city's ordinance did not completely ban medical marijuana distribution lawful under state law because its ban applied only to entities consisting of more than two people, as stated in the ordinance defining a dispensary as "any facility where medical marijuana is made available to and/or distributed *by or to three or more* of the following:  a qualified patient, a person with [a county-issued medical marijuana] identification card, or a primary caregiver."  As the court phrased it, "Anaheim's ordinance does not completely ban medical marijuana distribution; but it does proscribe mass distribution of medical marijuana."  The court found the virtual ban constituted a lawful exercise of the city's police power, not preempted by state medical marijuana law.  Qualified Patients has appealed the ruling, which is pending in this court.

But even before Qualified Patients appealed following its loss at trial, it filed the attorney fee motion now under review.  The city opposed the motion on grounds that Qualified Patients was not a "successful party" within the meaning of section 1021.5, the trial court agreed and denied the fee motion, and plaintiffs now appeal.

II

DISCUSSION

This appeal has nothing to do with medical marijuana, preemption, or other topics, but rather turns solely on the requirements of section 1021.5.  Section 1021.5 authorizes fees for "a *successful* party against one or more opposing parties," when the action "has resulted in the enforcement of an important right affecting the public interest," provided certain criteria are met.  (§ 1021.5, italics added.)  Those criteria include:  (1) a significant benefit conferred on the general public or a large class of

3

persons; (2) the necessity and financial burden of enforcement, particularly private enforcement, must make the award appropriate; (3) and the interest of justice precludes payment of fees out of the successful party's recovery, if any. (*Ibid*.) In any event, the party seeking fees must be """"successful,"""" which is synonymous with """"prevailing"""" or otherwise achieving its litigation objectives. (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 570-571 (*Graham*).)

The burden is on the claimant to demonstrate it is entitled to fees, including that its litigation costs transcend its personal interest in the litigation and should be shifted in the public's interest to the other parties. (*Save Open Space Santa Monica Mountains v. Superior Court* (2000) 84 Cal.App.4th 235, 246.) On appeal, we review a trial court's award or denial of attorney fees for abuse of discretion, and we must presume the trial court acted within its discretion. (*Collins v. City of Los Angeles* (2012) 205 Cal.App.4th 140, 152-153.)

Qualified Patients argues it is entitled to attorney fees because it was successful on its initial appeal in overturning the demurrer. Qualified Patients characterizes our holding in the first appeal that federal law did not trump state medical marijuana law as a "landmark" decision worthy of attorney fees for its efforts in pursuing the appeal. But as we noted in the opinion, we were not even the first California court to do so. (See *County of San Diego v. San Diego NORML* (2008) 165 Cal.App.4th 798, 822-823.)

More importantly, however, the Supreme Court, has expressly cautioned that "[a]ttorney fees should not be awarded for a lawsuit that lacks merit, even if its pleadings would survive a demurrer." (*Graham*, *supra*, 34 Cal.4th at p. 576.) We only determined in *Qualified Patients I* that the pleadings were sufficient to survive demurrer,

4

and only because the city obtained demurrer by invoking federal law, which did not suffice. Such interim success does not serve as a basis for attorney fees under section 1021.5. (*Ebbets Pass Forest Watch v. California Department of Forestry & Fire Protection* (2010) 187 Cal.App.4th 376, 387-388 ["regardless of the expansion of the law, [plaintiffs] did not have a factually meritorious lawsuit and, when the dust settled, their only victory was in a statement of the law"]; accord, *Karuk Tribe of Northern California v. California Regional Water Quality Control Bd., North Coast Region* (2010) 183 Cal.App.4th 330, 334-335 [interim success on writ of mandate insufficient].) In *Miller v. California Com. on Status of Women* (1985) 176 Cal.App.3d 454, 455, the appellate court described as "an amazing display of chutzpah" the losing party's request for attorney fees because it enjoyed interim success in having summary judgment overturned, only to lose the case at trial. Whether the characterization is apt here or not, it remains true that the party requesting fees must ultimately gain its litigation objectives, which Qualified Patients manifestly failed to do when it sought attorney fees.

Qualified Patients mistakenly relies on *Maria P. v. Riles* (1987) 43 Cal.3d 1281 (*Maria P.*) and similar cases for the proposition that "'an attorney fee award may be justified *even when plaintiff's legal action does not result in a favorable **final judgment**.*'" (Boldface added to quoted italics.) In *Maria P.*, the plaintiffs obtained a preliminary injunction and only dismissed their case because intervening legislation in their favor rendered their claims moot. Specifically, they filed suit to prevent a school district from reporting student immigration status to federal authorities, and the trial court granted their request for a preliminary injunction, which became moot with repeal of the statute requiring the district to report the information. Because they had obtained all the relief they sought, the trial court properly granted their fee request. (*Maria P.*, at

5

p. 1291.)  That is not the case here.  Qualified Patients failed in its primary litigation objective of preventing the city from closing its dispensary, and therefore the trial court did not abuse its discretion in denying the fee motion.

III

DISPOSITION

The trial court's order denying attorney fees is affirmed.  The city is entitled to its costs on appeal.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.

6